## M. J. RYAN ET AL. v. PENNSYLVANIA. R. CO.

APPEAL BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS
NO. 4 OF PHILADELPHIA COUNTY.

Argued January 31, 1890—Decided February 17, 1890.

Where no defect of construction in a railroad bridge crossing a city street
is shown, but, on the contrary, it was the work of competent engineers,
approved by the chief engineer and surveyor of the city, and was in
pursuance of an ordinance of councils authorizing it, the company can-
not be held responsible for injuries resulting from the frightening of
horses by the operation of its road over the bridge, without negligence
and without malice : Penna. R. Co. v. Lippincott, 116 Pa. 472 ; Penna. R.
Co. v. Marchant, 119 Pa. 541.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 108 January Term 1890, Sup. Ct. ; court below, No. 427
September Term 1887, C. P. No. 4.

On September 27, 1887, Michael J. Ryan and Eleanor A.
Ryan, his wife, brought trespass against the Pennsylvania
Railroad Company, claiming to recover for " injuries to the
plaintiff, in his wife, child, property, and person, resulting from
the operation as well as construction of the defendant's elevated
railroad where it crosses Twenty-second street," Philadelphia.
Issue.

At the trial on November 19, 1889, the plaintiff's testimony
showed that on July 8, 1887, he was driving with his wife and
child upon Twenty-second street, and approached the bridge of
defendant company's railroad upon Filbert street : " When we
got under the bridge, a train came from the east or from the
west at a terrible speed and making a great noise, and another
came from the opposite direction, either from the east or from

the west, so that there were on the bridge at that time two trains, and, judging from the sound or noise, both of them were going at a great rate of speed. The horse started. I endeavored to rein him in, but he started down Twenty-second street, and when midway between Chestnut and Market streets, while I was still holding him in as well as I could, he was then towards the curb, but in some way his hoofs struck me on the shin-bone, as I believe it is usually called, throwing me out on my shoulder and head. At this time my wife was still in the wagon. The horse kept on until it got to the southeast corner of Twenty-second and Chestnut streets, where it collided with another wagon, and the horse dashed on down the street, leaving my wife in the wreck with the wagon at the corner."

It was claimed on behalf of the plaintiff, from other testimony adduced, that Twenty-second street was one of the most frequented streets of the city; that the neighborhood was built up and it was impossible to see or hear a train until it was right overhead; that this caused no danger when trains were run at a moderate speed, but it was the custom of the company to run its trains at the highest speed, and two going in opposite directions at the same time; that the noise overhead was so great that it would frighten men, women and children, much less a horse; that the running of two trains over the crossing, at full speed, was at the risk of the lives of those who had occasion to go upon the street; that the company gave no warning or notice of any kind, nor did it use a known and improved journal that would remove or diminish the noise; and that accidents were an every-day occurrence.[*]

At the close of the testimony, the defendants moved for judgment of nonsuit. The motion was refused, the court requiring " the defendant to prove affirmatively that the construction of the roadway was in accordance with the ordinance of councils, and met with the approval of the chief engineer and surveyor."

The defendant then adduced testimony to meet the requirement of the court, and at the close of the testimony, the court, ARNOLD, J., charged the jury:

---

[*] No reference was made in the History of the Case to any ordinance or regulation of city councils, in evidence, restrictive of the rate of speed in the running of trains.

Opinion of the Court.

The defendant built this roadway under the authority of an ordinance of city councils. Its road is built of the materials prescribed by the ordinance. The structure is therefore a lawful structure.

That the use of such a structure will cause a noise of a greater or less degree is a self-evident fact. But the noise is caused by the lawful use of a lawful structure.

The case, therefore, raises the question whether the defendant is liable for the degree of noise which is thus caused.

This degree of noise is a matter upon which no right of action can be founded. If the use of the road creates a public nuisance, the remedy is not by private suit. If it were, different results might be reached in different cases, which would be incongruous.

Being of the opinion that the plaintiffs have no right of action in this case, you are instructed to render your verdict for the defendant.

The jury having returned a verdict for the defendant, judgment was entered thereon, when the plaintiffs took this appeal assigning the instruction to the jury as error.

*Mr. Richard P. White* (with him *Mr. George H. Earle, Jr.*), for the appellants.

Counsel cited: Central Ry. v. Cook, 1 W. N. 319; Thirteenth St. Ry. Co. v. Boudrou, 92 Pa. 475; Watkins v. Reddin, 2 Fost. & F. 634; Frankford etc. Turnpike Co. v. Railroad Co., 54 Pa. 345; Penna. R. Co. v. Lewis, 79 Pa. 44; Lehigh V. R. Co. v. Brandtmaier, 113 Pa. 616; Phila. etc. R. Co. v. Killips, 88 Pa. 412; Penna. R. Co. v. Barnett, 59 Pa. 264.

*Mr. David W. Sellers*, for the appellee.

Counsel cited: Clarke v. Bridge Co., 41 Pa. 147; Drayton v. Railroad Co., 10 W. N. 56; Shear. & Redf. on Neg., § 486; Wharton on Neg., § 898; Wood on Nuisances, §§ 746, 748.

PER CURIAM:

It is difficult to ascertain from the paper-books whether this was an appeal under the new law, or a writ of error under the old. This comes of the attempt to simplify legal proceedings

Syllabus.

by designating things of an opposite character by the same name.

The case itself is without merit. The plaintiffs were driving under the defendant's railroad, at Twenty-second street, when a train of cars overhead frightened their horse so that he became unmanageable ; they were thrown out of their carriage, one of them severely injured, and their child killed. For these injuries, suit was brought in the court below, and the jury, under a binding instruction from the learned judge, rendered a verdict for the defendant. This instruction is assigned for error.

The defendant company was operating its road in a lawful manner. No defect was shown in the construction of the road. On the contrary, it was the work of competent engineers, approved by the chief engineer and surveyor of the city, and in pursuance of an ordinance of councils expressly authorizing it. The sight and sound of a moving train always have a tendency to frighten horses. In this case, the fright was occasioned by the sound. We cannot measure, nor can a jury be properly allowed to measure, the amount of sound which may be made by a railroad train, either in crossing bridges at overhead crossings or at other places. The defendant company, under all the authorities, has the right to operate its road in a lawful manner ; and when it does so without negligence, and without malice, it is not responsible for injuries occasioned thereby : Penna. R. Co. v. Lippincott, 116 Pa. 472 ; Penna. R. Co. v. Marchant, 119 Pa. 541.

Judgment affirmed.